**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **L.M. CAHEB,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 26-2654** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed this lawsuit against various U.S. Secret Service officials, alleging that they engaged in employment discrimination by failing to hire him. See ECF No. 1 (Compl.) at ECF pp. 2–5. He seeks to proceed in this lawsuit using the pseudonym L.M. Caheb, alleging that the Government is likely to further retaliate against him if it knows he is bringing this suit, thereby harming his livelihood. See ECF No. 3 (Mot.) at 3–4. As he has not made the detailed showing required to overcome the presumption in favor of disclosure, the Court will deny the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

## I. Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). That requirement reflects the "customary and constitutionally[ ]embedded presumption of openness in judicial proceedings." Doe v. Hill, 141 F.4th 291, 293 (D.C. Cir. 2025) (quotation marks and citation omitted). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and

identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019)). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II. Analysis

Plaintiff has not met his burden to show that the privacy interests at stake outweigh the public's presumptive and substantial interest in learning his identity.

As for the first factor, disclosure of Plaintiff's identity will not reveal any information of a "sensitive [or] highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97). The Complaint reveals no information involving "intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." Id. Nor does Plaintiff argue to the contrary. Instead, Plaintiff contends that, if his identity were revealed, the Government would likely retaliate against him by denying him future contracting jobs, thereby causing "severe financial hardship for the Plaintiff and his family." Mot. at 3. "Concerns about litigation threatening future employment opportunities are certainly relevant to

the first factor." Doe v. U.S. Dep't of Just., 2023 WL 3883939, at *2 (D.D.C. June 1, 2023), aff'd, 2023 WL 7268249 (D.C. Cir. Oct. 31, 2023). Yet Plaintiff fails to meaningfully explain why proceeding pseudonymously here would protect him from said retaliation, given that he has previously sued similar defendants under his own name. See Mot. at 2–3. Plaintiff contends that the Department of Homeland Security may "blacklist[]" him from future contracting jobs if the agency knew he was bringing this suit. Id. at 3. But Plaintiff alleges that the Secret Service already "blacklisted" him from contracting jobs in retaliation for his prior suits. Id. There is no reason to think that DHS, the Secret Service's parent agency, does not also know about Plaintiff's prior suits. Nor does Plaintiff offer any concrete reason why shielding this one suit from public view would protect him from retaliation, given all the other suits. Such "speculative and unsubstantiated claim of harm to a plaintiff's reputational or economic interests is typically insufficient to justify proceeding anonymously." Doe, 2023 WL 3883939, at *3 (cleaned up).

The second factor also cuts against pseudonymity. It considers whether plaintiffs face a "risk of retaliatory physical or mental harm" from disclosure, In re Sealed Case, 971 F.3d at 326 (citation omitted), and is strongest when plaintiffs identify particular, concrete threats. J.K.A. v. United States, 2023 WL 12248425, at *2 (D.D.C. Aug. 10, 2023). Retaliatory harm typically involves threats to safety. See, e.g., id. (finding factor favored pseudonymity when plaintiffs faced "threats of retaliation" from foreign government). Risks to mental harm can also suffice where a plaintiff is mentally ill. See, e.g., Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014) ("Out of grave concern that the Court could exacerbate any psychological issues the plaintiff is currently experiencing, the Court finds that this factor weighs in favor of anonymity."). Plaintiff does not allege threats to his physical safety, nor does he allege that he experiences mental

illness. Instead, he asserts only risk of professional and economic harm, as discussed in the first factor.

As for the third factor, Plaintiff does not assert that the lawsuit would bear on the privacy interests of any minors, see In re Sealed Case, 971 F.3d at 326 (citation omitted), so this factor also supports disclosure. See, e.g., Doe v. Burns, No. 23-2937, ECF No. 7 (Mem. Op.) at 6 (D.D.C. Oct. 5, 2023); J.K.A., 2023 WL 12248425, at *3.

The fourth factor, conversely, weighs in favor of granting the Motion. Where, as here, a plaintiff is suing a government defendant and seeking only individualized relief, pseudonymity may be appropriate, since "government defendants do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing." J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (cleaned up); see also D.S. v. Dist. of Columbia, 2026 WL 2444953, at *2 (D.D.C. Aug. 20, 2026) ("The public interest in litigation against the government is further reduced where, as here, a plaintiff seeks individualized, rather than programmatic, relief."); Am. Foreign Serv. Ass'n v. State, No. 24-3385, ECF No. 8 (Mem. Op) at 5–6 (D.D.C. Dec. 11, 2024) (fourth factor favors pseudonymity where plaintiffs sought review of individual benefit denials). That weighs in Plaintiff's favor. Here, moreover, there is no "heightened public interest" because this suit does not appear likely to "alter the operation of public law both as applied to [Plaintiff] and, by virtue of the legal arguments presented, to other parties going forward." In re Sealed Case, 971 F.3d at 329.

The fifth and final factor also supports Plaintiff, as the Government would suffer no "risk of unfairness" if the Motion were granted, In re Sealed Case, 971 F.3d at 326 n.1, given that Plaintiff has offered to file his name under seal. See Mot. at 4; Doe v. ICE, No. 24-617, ECF

No. 9 (Mem. Op.) at 5 (fifth factor supports motion where defendant already knows plaintiff's identity).

On balance, although the fourth and fifth factors offer some support to Plaintiff's Motion, the remaining ones weigh decisively in favor of disclosure. The Court therefore finds that Plaintiff has not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit. In re Sealed Case, 971 F.3d at 326.

The Court accordingly ORDERS that:

1. Plaintiff's [3] Motion for Leave to File Under Pseudonym is DENIED; and
2. Within fourteen days of the Court's Order, Plaintiff shall advise the Clerk of the Court whether he wishes to proceed with filing the Complaint on the public docket using his real name, and, if so, file his [3] Motion on the public docket.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: August 27, 2026