UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **L.M. CAHEB,**<br>**Plaintiff,**<br>**v.**<br>**MARKWAYNE MULLIN, *et al.*,**<br>**Defendants.** | **Civil Action No. 26-2654** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff L.M. Caheb sued a smattering of U.S. Secret Service officials, alleging that they engaged in employment discrimination. See ECF No. 1 (Compl.) at ECF pp. 2–5. He also filed a Motion to Proceed Under Pseudonym, see ECF No. 3 (Am. Mot.), which the Court denied in a Memorandum Opinion and Order, concluding that he had failed to overcome the presumption in favor of disclosure. See ECF No. 5 (Mem. Op.).

Plaintiff, proceeding *pro se*, now asks the Court to reconsider that determination under Federal Rule of Civil Procedure 54(b). See ECF No. 6 (Mot. for Recon.). In support of his request, Plaintiff files a sworn declaration, which he argues provides the factual heft needed to nudge his case across the pseudonymity line. See ECF No. 6-1 (Decl.). He also asks the Court to permit him to file his suit with his identifying information, including his name, address, and birth date, under seal. See Mot. for Recon. at 7–8.

The Court will deny the Motion for Reconsideration on pseudonymity, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a

pseudonymous complaint" in "any case not already assigned"). The Court will likewise deny the sealing request. See id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I. Legal Standard

### A. Reconsideration

Under Federal Rule of Civil Procedure 54(b), "reconsideration of an interlocutory decision is available under the standard as justice requires." Jud. Watch v. Dep't of Army, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (quotation marks and citation omitted); accord Lemmons v. Georgetown Univ. Hosp., 241 F.R.D. 15, 21–23 (D.D.C. 2007); see also Doe v. Fed. Republic of Germany, 2023 WL 4744175, at *1 (D.D.C. July 21, 2023) (reconsidering denial of motion for sealing pursuant to Rule 54(b)); Doe, Inc. v. Roe, 2021 WL 3622166, at *1 (D.D.C. June 3, 2021) (same). The "as justice requires" standard may be met where, for example, the court "has patently misunderstood" the parties, strayed far afield of the issues presented, or failed to consider "a controlling or significant change in the law or facts . . . since the submission of the issue." Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004) (cleaned up). "These considerations leave a great deal of room for the court's discretion and, accordingly, the 'as justice requires' standard amounts to determining 'whether [relief upon] reconsideration is necessary under the relevant circumstances.'" Lewis v. District of Columbia, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (quoting Cobell, 224 F.R.D. at 272).

### B. Pseudonymity

As the Court explained in its prior Opinion, see Mem. Op. at 1–2, a complaint generally must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "customary and constitutionally[ ]embedded presumption of openness in

judicial proceedings." Doe v. Hill, 141 F.4th 291, 293 (D.C. Cir. 2025) (quotation marks and citation omitted). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019)). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

C. Sealing

As a general matter, plaintiffs filing a civil complaint must also file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Child.'s Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

(1) the need for public access to the documents at issue;

(2) the extent of previous public access to the documents;

(3) the fact that someone has objected to disclosure, and the identity of that person;

(4) the strength of any property and privacy interests asserted;

(5) the possibility of prejudice to those opposing disclosure; and

(6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Child.'s Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

## II. Analysis

### A. Pseudonymity

In its prior Opinion, the Court analyzed each pseudonymity factor and concluded that the fourth and fifth lent some support to Plaintiff's Motion, but the others decisively tipped the scale toward disclosure. See Mem. Op. at ECF p. 5. In his Motion for Reconsideration, Caheb "acknowledges that his earlier filings did not clearly explain" (1) why pseudonymity is needed to preserve his privacy in this matter (given that he has previously sued similar defendants in his own name) and (2) how identification would pose a risk of retaliatory harm — in other words, facts supporting the first two factors. See Mot. for Recon. at 3. To attempt to remedy those deficiencies, he thus attaches a declaration alleging new facts in favor of proceeding pseudonymously. The Court will address Caheb's new facts and arguments with the factors as its guide.

With respect to the first factor, this Court originally concluded that disclosure of Plaintiff's identity would not reveal any information of a "sensitive [or] highly personal nature." Mem. Op. at ECF p. 2 (quoting In re Sealed Case, 971 F.3d at 326). As the Court explained, the

Complaint revealed "no information involving 'intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors.'" Id. (quoting In re Sealed Case, 971 F.3d at 326); see Am. Mot. at 2–3. Instead, Plaintiff urged only that he has a compelling privacy interest in keeping his name confidential because the Department of Homeland Security — the Secret Service's parent agency — could "blacklist[]" him from future contracting jobs if the agency knew that he was suing its officers for employment discrimination. Id. at 3. The Court acknowledged that "[c]oncerns about litigation threatening future employment opportunities are certainly relevant to the first factor." Mem. Op. at ECF pp. 2–3 (quoting Doe v. U.S. Dep't of Just., 2023 WL 3883939, at *2 (D.D.C. June 1, 2023), aff'd, 2023 WL 7268249 (D.C. Cir. Oct. 31, 2023)). But Caheb had already brought another employment lawsuit against the Secret Service in his own name, and he did not explain why DHS would be less likely to blacklist him if this one lawsuit were shielded from view, while the other lawsuit remained accessible as a matter of public record. Id. at ECF p. 3. The Court therefore concluded that Caheb's concerns were too "speculative and unsubstantiated" to meet his burden of proving that his suit concerned a highly sensitive matter justifying pseudonymity. Id. (quotation marks and citation omitted).

Caheb now clarifies that he seeks to proceed pseudonymously because he has been denied contracting work with federal vendors on account of having pending litigation against DHS and the Secret Service. More specifically, Plaintiff claims that the Secret Service has directed third-party vendors to ask prospective contractors via a questionnaire whether they have pending litigation with DHS or the Service. See Decl., ¶ 9. Although no vendor has confirmed that he was denied contracting work specifically due to pending litigation, they have suggested so. After he was not selected for multiple contracting jobs, the vendors confirmed that it was the

agency that made the ultimate hiring decision. Id., ¶¶ 10–11. Furthermore, "[a]ll three vendors . . . have told [him] that he would be welcome to join the contract once the pending litigation with Secret Service was closed." Mot. for Recon. at 5. That is why, he explains, pseudonymity would make the difference here, even though the Secret Service is aware of his prior lawsuit. Id.

Caheb's new allegations do not alter the Court's bottom-line conclusion that the first factor does not favor pseudonymity. Although a plaintiff's concern that a lawsuit will risk future employment opportunities is "relevant to the first factor," it does not automatically tip the balance in favor of pseudonymity. Doe, 2023 WL 3883939 at *2 (emphasis added). Instead, district courts in this Circuit have found in favor of pseudonymity only when plaintiffs are at risk of exclusion from, at the very minimum, myriad employment opportunities and, in many cases, an entire field or the entire profession for which they are licensed. See, e.g., Doe v. Lieberman, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020) (granting pseudonymity where plaintiff risked being "unable to obtain privileges anywhere and . . . unable to practice medicine") (quotation marks omitted); Doe v. Benoit, 2019 WL 13079193, at *4 (D.D.C. Apr. 30, 2019) (finding anonymity justified where being linked to lawsuit would have unfairly branded plaintiff a terrorist, risking all employment prospects); John Doe Co. No. 1 v. CFPB, 195 F. Supp. 3d 9, 23 (D.D.C. 2016) (allowing pseudonymity where linking plaintiffs to lawsuit risked unfairly suggesting that they had engaged in substantial wrongdoing, risking "the loss of dozens of jobs[] and the abandonment of hundreds of potential transactions") (quotation marks and citation omitted).

Measured against that standard, Caheb's privacy interests do not cut in favor of pseudonymity. He does not allege that being publicly linked to this lawsuit would ice him out of

an entire field or risk dozens of jobs; instead, he alleges only that certain contractors may not give him contracting work — which he uses to supplement his retirement pension, see Decl., ¶ 4 — while this litigation is pending. The Court doubts that this kind of economic harm is so great that it justifies concluding that Plaintiff has sensitive privacy interests at stake. In any event, there is a more fundamental defect in Caheb's case for pseudonymity, which independently supports the Court's conclusion that factor one does not favor Plaintiff. Caheb does not explain how proceeding pseudonymously would help him in applying for contracting jobs, when he admits that the vendors have been directed by the Government to ask applicants directly whether they have pending litigation against DHS or the Secret Service. See id., ¶ 9. After all, even if the Court were to grant pseudonymity, it would only decouple Caheb publicly from the litigation; it would not give him a license to lie on applications for federal contracting jobs about whether he in fact is currently suing DHS or the Secret Service. Caheb's new allegations accordingly do not move the needle on factor one.

Nor do they change the Court's calculus on factor two, which asks whether a plaintiff faces a "risk of retaliatory physical or mental harm" from disclosure. In re Sealed Case, 971 F.3d at 326 (citation omitted). The Court concluded in its prior Opinion that "Plaintiff does not allege threats to his physical safety, nor does he allege that he experiences mental illness." See Mem. Op. at ECF pp. 3–4. Instead, it determined that "he asserts only risk of professional and economic harm," which it found insufficient. Id. at ECF p. 4. In his Motion for Reconsideration, Caheb argues that the retaliatory loss of employment opportunity alone can justify pseudonymity, citing this Court's decision in League of Women Voters v. U.S. Dep't of Homeland Sec., 2025 WL 2897654, at *2 (D.D.C. Oct. 10, 2025). See Mot. for Reconsideration at 6. Not so. As a district court in this Circuit has explained, "If an economic harm is to justify a

pseudonym, the movant must allege more than the typical methods by which employers retaliate against employees who assert their legal rights, such as threats of termination and blacklisting, and must instead encompass a risk of extraordinary retaliation, such as deportation, arrest, and imprisonment." Roe v. Doe, 319 F. Supp. 3d 422, 428 (D.D.C. 2018) (quotation marks and citation omitted). That rule makes League of Women Voters readily distinguishable from this case. There, plaintiffs asserted that revealing their identities would have allowed defendants to target them not only for adverse employment actions but also potentially immigration consequences, including denaturalization. League of Women Voters, 2025 WL 2897654, at *2–3. Plaintiff makes no such weighty allegations of retaliation here. Indeed, Caheb's only allegation is that he might be "blacklisted" from contracting jobs during the pendency of this litigation if he were publicly linked to it, see Am. Mot. at 2–3 — the precise allegation that Roe explains is insufficient. For that reason, Plaintiff's allegations of potential job-related retaliation are not enough to shift the second factor in his favor.

In sum, Caheb's new facts and arguments are insufficient to tilt the first and second factors in his favor. As only the fourth and fifth factors support his motion, the Court concludes that its original decision denying pseudonymity remains sound. Caheb has still not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit. In re Sealed Case, 971 F.3d at 326.

B. Sealing

Plaintiff separately asks the Court to permit his "true name, residential address, telephone number, e-mail address, date of birth, and other personal identifying information" to be filed under seal and redacted in public filings. See Mot. for Reconsideration at 8. This request fares no better. As an initial matter, the Court notes that Plaintiff's request to redact his name is

simply another way of requesting that he be allowed to proceed pseudonymously. See, e.g., Smith v. Syrian Arab Republic, No. 26-1107, ECF No. 9, at 3 ("The Court considers Plaintiffs' sealing and pseudonymity requests as requests for pseudonymity, as all the sealing that they request only effectuates their underlying motion to litigate anonymously."). As this Court has already concluded that he may not litigate anonymously, it likewise finds no basis for redacting Plaintiff's name. In any event, requests for sealing, as described above, are evaluated under the Hubbard factors. See 650 F.2d at 317–22. Yet Plaintiff fails to cite or engage with those factors. Absent such engagement and specific explanation of how each piece of information he wishes to seal fares under those factors, Caheb's request for sealing is insufficient. Doe v. Dep't of Navy, 2026 WL 654358, at *2 & n.5 (D.D.C. Mar. 9, 2026) (denying sealing motion that did not engage with Hubbard factors); Redacted v. Redacted Fed. Defendants, No. 25-1736, Minute Order (D.D.C. June 3, 2025) (same). It will therefore be denied without prejudice.

The Court accordingly ORDERS that:

1. Plaintiff's [6] Motion for Reconsideration is DENIED; and
2. Plaintiff's [6] Motion to Seal Case is DENIED WITHOUT PREJUDICE as it does not address the six-factor inquiry that applies to motions to seal court records, see United States v. Hubbard, 650 F.2d 293, 317-22 (D.C. Cir. 1980);
3. Within fourteen days of the Court's Order, Plaintiff shall file either a new Motion that addresses the factors identified in Hubbard or a Notice advising the Clerk of the Court whether he wishes to proceed with filing the Complaint on the public docket, and, if he wishes to proceed publicly, he shall also file his [6] Motion on the public docket; and

4. If Plaintiff does not file a new Motion or such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: October 5, 2026