**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **L.M. CAHEB,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 26-2654** |

**MEMORANDUM OPINION AND ORDER**

In this *pro se* suit, Plaintiff L.M. Caheb is suing several U.S. Secret Service officials, alleging that they engaged in employment discrimination. See ECF No. 1 (Compl.) at 2–5. Plaintiff has twice filed Motions to Proceed Pseudonymously to no avail. See ECF Nos. 3 (Pseudo. Mot.); 6 (Mot. for Recon.). He also previously filed what the Court construed as a Motion to Partially Seal the case, which the Court denied for failure to engage with the factors in United States v. Hubbard, 650 F.2d 293, 317–22 (D.C. Cir. 1980). See Mot. for Recon. at 7–8; ECF No. 7 (Mem. Op. II) at 8–9. Plaintiff has now filed a third Motion to Proceed Pseudonymously. See ECF No. 8 (Second Mot. for Recon.). This new Motion also asks in the alternative that the Court permit "his true name, residential address, telephone number, e-mail address, date of birth, and other personal identifying information [to] remain under seal and/or [be] redacted," which the Court will again construe as a Motion to Partially Seal. Id. at 2. The Court will deny both requests and will not entertain further such motions. If Plaintiff has any further gripe with these rulings, he may seek reconsideration from the United States District Judge to whom this case will be randomly assigned. See LCvR 40.7(f).

## I. Legal Standard

### A. Reconsideration

Under Federal Rule of Civil Procedure 54(b), "reconsideration of an interlocutory decision is available under the standard as justice requires." Jud. Watch v. Dep't of Army, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (quotation marks and citation omitted); accord Lemmons v. Georgetown Univ. Hosp., 241 F.R.D. 15, 21–23 (D.D.C. 2007); see also Doe v. Fed. Republic of Germany, 2023 WL 4744175, at *1 (D.D.C. July 21, 2023) (reconsidering denial of motion for sealing pursuant to Rule 54(b)); Doe, Inc. v. Roe, 2021 WL 3622166, at *1 (D.D.C. June 3, 2021) (same). The "as justice requires" standard may be met where, for example, the court "has patently misunderstood" the parties, strayed far afield of the issues presented, or failed to consider "a controlling or significant change in the law or facts . . . since the submission of the issue." Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004) (cleaned up). "These considerations leave a great deal of room for the court's discretion, and, accordingly, the 'as justice requires' standard amounts to determining 'whether [relief upon] reconsideration is necessary under the relevant circumstances.'" Lewis v. District of Columbia, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (quoting Cobell, 224 F.R.D. at 272).

### B. Pseudonymity

As the Court explained in its prior Opinions, a complaint generally must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "customary and constitutionally[ ]embedded presumption of openness in judicial proceedings." Doe v. Hill, 141 F.4th 291, 293 (D.C. Cir. 2025) (quotation marks and citation omitted). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if

forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019)). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

C. Sealing

As a general matter, plaintiffs filing a civil complaint must also file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Child.'s Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in Hubbard. Those factors are:

> (1) the need for public access to the documents at issue;
>
> (2) the extent of previous public access to the documents;

(3) the fact that someone has objected to disclosure, and the identity of that person;

(4) the strength of any property and privacy interests asserted;

(5) the possibility of prejudice to those opposing disclosure; and

(6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Child.'s Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

## II. Analysis

### A. Pseudonymity

In its two prior Opinions considering Caheb's request to proceed pseudonymously, the Court explained at length why he has not demonstrated that he is entitled to so proceed. See ECF No. 5 (Mem. Op. I) at ECF pp. 2–5; Mem. Op. II at 4–8. Caheb now requests for a third time that the Court grant his Motion, yet he makes no new arguments and offers no new evidence in support of that request. Indeed, his present Motion for Reconsideration is nearly identical to his first Motion for Reconsideration. Compare Second Mot. for Recon. at 7–9, with Mot. for Recon. at 3–5.

At bottom, Plaintiff largely reiterates his concern that he will not be able to get certain jobs as a result of this litigation. See Second Mot. for Recon. at 7–9. Yet, as the Court has already explained, that concern alone is not enough to overcome the strong presumption in favor of disclosure. See Mem. Op. II at 6–7. More fundamentally, as the Court already concluded, Plaintiff does not explain how proceeding pseudonymously would help him avoid this potential harm. As the Court explained, litigating this case anonymously "would only decouple Caheb publicly from the litigation; it would not give him a license to lie on applications for federal contracting jobs about whether he in fact is currently suing DHS or the Secret Service" —

questions that apparently are standing in the way of Plaintiff's securing contracting jobs. Id. at 7. Nothing in the new Motion responds to or undercuts these points. The Court thus incorporates by reference its reasoning in its prior Memorandum Opinion denying Caheb's Motion for Reconsideration. See Mem. Op. II at 4–8. For those reasons, Caheb has still not carried "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit. In re Sealed Case, 971 F.3d at 326.

B. Sealing

Plaintiff separately re-ups his request that the Court permit him to file his "true name, residential address, telephone number, e-mail address, date of birth, and other personal identifying information" under seal. See Second Mot. for Recon. at 2. As for Caheb's request to redact or seal his name, again, that is simply an attempt to end-run this Court's denial of his motion to proceed pseudonymously. See, e.g., Smith v. Syrian Arab Republic, No. 26-1107, ECF No. 9 (Mem. Op.) at 3 (D.D.C. Aug. 14, 2026) ("The Court considers Plaintiffs' sealing and pseudonymity requests as requests for pseudonymity, as all the sealing that they request only effectuates their underlying motion to litigate anonymously."). "As this Court has already concluded that he may not litigate anonymously, it likewise finds no basis for redacting Plaintiff's name." Mem. Op. II at 9. This Court will not entertain further requests for Plaintiff to file his name under seal.

With respect to Plaintiff's request to file his birthdate under seal, that request stretches beyond this Court's preliminary review and into the case-management responsibilities that the particular judge overseeing this litigation will undertake. See LCvR 40.7(f) (consigning review of "motion to seal the complaint" to Chief Judge). That is because Plaintiff's date of birth is not currently in the Complaint or other filings. Cf. Compl. at 4 (listing only birth year for purposes

of Age Discrimination in Employment Act claim). The Court does not see why, at this stage, such information would be needed in this litigation. If it is needed, however, Plaintiff may file a motion with the Judge assigned to his case to adjudicate his request to file that under seal.

As for Plaintiff's other sealing requests, Plaintiff does not need permission from this Court to file his address and phone number under seal. Under Local Civil Rule 5.1(c), if a "party does not wish [his] full residence address" or "telephone number" to "appear on the public docket," he can omit that information in his public filing, so long as he simultaneously files a notice on the docket with that information, "which notice shall be available only to the Court and the opposing party." Caheb remains free to follow that course. See Patel v. Garland, 2023 WL 7536574, at *3 (D.D.C. Nov. 13, 2023).

The Court accordingly ORDERS that:

1. Plaintiff's [8] Motion for Reconsideration is DENIED; and
2. Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether he wishes to proceed with filing the Complaint on the public docket, and, if he wishes to proceed publicly, he shall also file his [3], [6], and [8] Motions on the public docket;
3. If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case; and
4. The Court will entertain no further Motions to Proceed Pseudonymously or to Seal.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: November 10, 2026